UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ANTHONY L. HALL, JR., : CASE NO.1:08-CR-85
: CASE NO. 1:15-CV-2037
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 51, 55, 56, 60, 61]
UNITED STATES OF AMERICA, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Anthony L. Hall, Jr., brings this petition for a writ of habeas corpus under 28 U.S.C. § 2255. Hall argues that he was improperly sentenced under the Armed Career Criminals Act ("ACCA").[1]

On July 2, 2010, the United States indicted Petitioner Hall for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2] Hall pled guilty and was sentenced under the ACCA.[3]

Under the ACCA, a defendant faces a fifteen-year mandatory minimum sentence if convicted of being a felon in possession of a firearm and if the defendant has three or more prior violent felony convictions.[4] Hall's presentence report identified three violent felony convictions: a 1997 aggravated robbery[5]; a 1998 aggravated robbery[6]; and a 2003 felonious assault.[7]

---

[1] Doc. 51. The Government opposes. Doc. 55. The Petitioner replies. Doc. 56.
[2] Doc. 1.
[3] Doc. 45 at 3:19-4:3.
[4] 18 U.S.C. § 924(e)(1).
[5] Hall's presentence report at ¶ 47 (citing Cuyahoga County Common Pleas Court, case number CR-98-359312-B).
[6] *Id.* at ¶ 51 (citing Cuyahoga County Common Pleas Court, case number CR-98-361321-A).
[7] *Id.* at ¶ 57 (citing Cuyahoga County Common Pleas Court, case number CR-03-444936-ZA).

Case No. 1:08-CR-85
Gwin, J.

Hall now challenges whether his two Ohio aggravated robbery convictions qualify as violent felonies under the ACCA.[8]

The Supreme Court's *Johnson v. United States*[9] opinion threw into question whether certain prior felonies can be counted as ACCA "violent felonies." The Supreme Court has held that *Johnson* applies retroactively to habeas claims challenging ACCA-enhanced sentences.[10]

However, the Sixth Circuit recently concluded that convictions under Ohio's aggravated robbery statute[11] constitute violent felonies under the ACCA.[12] Therefore, Petitioner Hall still has three prior violent felonies convictions.

Accordingly, Hall was correctly sentenced under the ACCA, and the Court **DENIES** Hall's § 2255 petition for resentencing.

IT IS SO ORDERED.

Dated: April 6, 2017     *s/ James S. Gwin*
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[8] Doc. 51. Hall does not argue that his felonious assault conviction should not count as a violent felony.
[9] ___ U.S. ____, 135 S.Ct. 2551 (2015).
[10] *Welch v. United States,* ___ U.S. ____, 136 S.Ct. 1257, 1269 (2016).
[11] Ohio Rev. Code § 2911.01(A)(1).
[12] *United States v. Patterson*, No. 15-4112, 2017 WL 1208425, at *3 (6th Cir. Apr. 3, 2017) ("The Ohio Supreme Court's interpretation of the aggravated robbery statute establishes that it qualifies as a violent felony under [the ACCA's] elements clause.").